**Jose Ramiro BAEZ PAREDES, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 06–74525.

United States Court of Appeals, Ninth Circuit.

Nov. 21, 2011.*

Filed Nov. 22, 2011.

Jose Ramiro Baez Paredes, Santa Ana, CA, pro se.

CAC–District Counsel, Esq., Office of the District Counsel, Department of

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Richard M. Evans, Esq., Paul Fiorino, Esq., DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: TASHIMA, BERZON, and TALLMAN, Circuit Judges.

## MEMORANDUM **

Jose Ramiro Baez Paredes, a native and citizen of Mexico, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen based on ineffective assistance of counsel. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen, *Mohammed v. Gonzales*, 400 F.3d 785, 791 (9th Cir.2005), and we deny the petition for review.

The BIA did not abuse its discretion when it denied Baez Paredes's motion to reopen on the ground that he failed to establish prejudice from the errors of his former counsel. *See Ray v. Gonzales*, 439 F.3d 582, 587 (9th Cir.2006) (presumption of prejudice arising from counsel's failure to file a timely appeal is rebutted when petitioner cannot "demonstrate plausible grounds for relief"). Contrary to Baez Paredes's contention, his conviction for carrying a loaded firearm under Cal.Penal Code § 12031(a)(1) constituted a firearm offense under 8 U.S.C. § 1227(a)(2)(C) that rendered him ineligible for cancellation of removal. *See* 8 U.S.C. § 1229b(b)(1)(C); *Gil v. Holder*, 651 F.3d 1000, 1004 (9th Cir.2011) ("[T]he generic offenses listed in § 1227(a)(2)(C) (such as carrying or possessing a firearm) should be interpreted as broadly as possible, so as to cover firearms offenses of any type.") (citation and quotations omitted).

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).